72 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cristina Zayda RAMIREZ, Ruiz De; Victor Ernesto
Ramirez-Ruiz; Carlos Ilich Ramirez-Ruiz; Carlos
Ernesto Ramirez-Ruiz, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70515.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 5, 1995.*
Decided Dec. 15, 1995.
 
 Before: BROWNING, CANBY, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lead petitioner Christina Zayda Ruiz de Ramirez, a 35-year-old native and citizen of Nicaragua, requests review of the Board of Immigration Appeals' ("BIA") decision affirming the denial of her applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act (INA), 8 U.S.C. Secs. 1158(a), 1253(h). Ruiz de Ramirez's co-petitioners, her three minor-aged sons, sought derivative asylee status pursuant to INA section 208(c), 8 U.S.C. Sec. 1158(c). We have jurisdiction under 8 U.S.C. Sec. 1105a. We conclude that substantial evidence supports the BIA's determination that Ruiz de Ramirez did not meet the definition of "refugee" in 8 U.S.C. Sec. 1101(a)(42)(A) because she had not established past persecution or a well-founded fear of future persecution on account of her anti-Sandinista political opinions.
 
 
 3
 We need not set forth all of the facts relevant to Ruiz de Ramirez's petition because they are undisputed and the parties are familiar with them. The BIA found that requiring Ruiz de Ramirez to join the pro-Sandinista teacher's union, ANDEN, and to teach the Sandinista curriculum did not constitute persecution on account of her political opinion. Substantial evidence supports these findings.
 
 
 4
 The record indicates that all teachers were required to join ANDEN and to teach Sandinista ideology, and that Ruiz de Ramirez quit her teaching job voluntarily, albeit under some pressure. There was also evidence to suggest that Ruiz de Ramirez only sought other employment as a teacher for one week before leaving Nicaragua, and that she obtained a passport and exit visa several days before she resigned from her teaching job.
 
 
 5
 As the BIA observed, the Sandinistas may have been motivated by their political goal of indoctrinating the students in requiring Ruiz de Ramirez to join ANDEN and to teach a specified curriculum as a condition of her government job. Ruiz de Ramirez did not offer evidence, however, that these requirements were imposed to punish or overcome her own political opinion, or that the harassment she experienced was designed to persecute her because of her anti-Sandinista beliefs rather than her failure to comply with job requirements that were applicable to all teachers. See generally INS v. Elias-Zacarias, 502 U.S. 478, 481-84 (1992). We therefore uphold the BIA's ruling that the harassment and discrimination that Ruiz de Ramirez experienced as a teacher did not rise to the level of persecution on account of her political opinion.
 
 
 6
 Substantial evidence also supported the BIA's determination that the CDS' reduction of Ruiz de Ramirez's food ration was not persecution on account of her political opinion. While the reduction may have been a reprisal for her failure to participate in CDS neighborhood activities, Ruiz de Ramirez did not introduce evidence that the CDS was aware of, or attempting to punish, her anti-Sandinista views. See INS. v. Elias-Zacarias, 502 U.S. at 482. The one incident in which a pro-Sandinista group spray-painted graffiti on Ruiz de Ramirez's family home was not sufficient to establish persecution on account of her political opinion. Moreover, even if the CDS activities and the spray-painting were "persecution," they were not severe enough to support an asylum claim in the absence of a well-founded fear of future persecution. See Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993).
 
 
 7
 The BIA's finding that Ruiz de Ramirez did not establish a well-founded fear of future persecution similarly was supported by substantial evidence. Ruiz de Ramirez did not offer evidence demonstrating that, under an objective standard, future persecution "is a reasonable possibility." INS v. Cardoza-Fonseca, 480 U.S. 421, 440 (1987). When the Immigration Judge asked Ruiz de Ramirez what she believed would happen to her if she returned to Nicaragua, she stated that she "really could not respond to that situation at this point." The BIA's decision was also supported by the fact that her husband, who had been imprisoned for actions he had taken without the approval of his superiors during his tenure as a military judge, had been allowed to leave military service and has not been arrested since 1987. Finally, there was evidence that Ramirez had been permitted to leave Nicaragua without difficulty.
 
 
 8
 Because Ruiz de Ramirez could not establish a well-founded fear of future persecution, the BIA's denial of withholding of deportation was also proper. INA section 243(h) required Ramirez to establish a "clear probability of persecution," a standard higher than that required to establish a well-founded fear of persecution for purposes of section 208(a). See INS v. Stevic, 467 U.S. 407, 424 (1994).
 
 
 9
 The BIA did not err in upholding the denial of Ruiz de Ramirez's and her sons' applications for asylum and withholding of deportation.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3